IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-452

 No. COA21-245

 Filed 7 September 2021

 Robeson County, No. 19 JA 237

 IN THE MATTER OF:

 A.L.

 Appeal by respondent-mother from order entered 10 December 2020 by Judge

 Vanessa E. Burton in Robeson County District Court. Heard in the Court of Appeals

 24 August 2021.

 J. Edward Yeager, Jr., for petitioner-appellee Robeson County Department of
 Social Services.

 Robert C. Montgomery for guardian ad litem.

 Peter Wood for respondent-appellant mother.

 ZACHARY, Judge.

¶1 Respondent-Mother appeals from a permanency planning order ceasing

 reunification efforts with her daughter, A.L.,1 arguing that the trial court abused its

 discretion by impermissibly delegating to the foster parents (“Guardians”) the court’s

 responsibility for determining the terms of Respondent-Mother’s supervised

 visitation. Because we conclude that Respondent-Mother’s appeal is premature and

 therefore untimely, we dismiss the appeal without prejudice.

 1 To protect the identity of the minor child, we refer to her by initials.
 IN RE: A.L.

 2021-NCCOA-452

 Opinion of the Court

 I. Background

¶2 On 18 July 2019, Petitioner Robeson County Department of Social Services

 (“DSS”) filed a juvenile petition alleging A.L. to be a neglected juvenile. The case came

 on for an adjudicatory hearing on 30 October 2019, and the trial court adjudicated

 A.L. as neglected pursuant to an order entered 21 November 2019. The trial court

 conducted a dispositional hearing immediately following the adjudication and

 ordered that A.L. be placed in the legal and physical custody of DSS, with a primary

 plan of reunification with Respondent-Parents.2

¶3 The matter came on for a permanency planning hearing on 9 September 2020.

 The trial court found that because of A.L.’s health problems, “it would be unsuccessful

 to attempt to continue to reunite the parents with the juvenile[.]” A.L. “needs a kidney

 transplant and she cannot be and will not be considered for a transplant if the plan

 is for reunification to her parents who have consistently failed to show significant

 substantial improvement in the care of their child.” The trial court, therefore,

 changed the primary plan to guardianship, and ordered that legal and physical

 custody of A.L. continue with DSS.

¶4 On 12 November 2020, the trial court conducted a review hearing. By order

 entered 10 December 2020, the trial court ordered, inter alia:

 2 Respondent-Father is not a party to this appeal; he passed away prior to the entry

 of the order that is the basis of this appeal.
 IN RE: A.L.

 2021-NCCOA-452

 Opinion of the Court

 1. That legal guardianship of [A.L.] shall be awarded to
 [Guardians] and there shall be no need for further review
 in this matter.

 ....

 3. That [Respondent-Parents] shall have supervised
 visitation with [A.L.] the first Sunday of each month from
 12:00 p.m. to 2:00 p.m. [Respondent-Parents] must give a
 48 hour notice of their intent to visit and if [Respondent-
 Parents] are more than 30 minutes late, [Guardians] are
 not required to wait.

¶5 Respondent-Mother filed the statutorily required notice to preserve her right

 to appeal the trial court’s 10 December 2020 review order, N.C. Gen. Stat. § 7B-

 1001(a)(5)(a)(1) (2019), and on 6 January 2021, Respondent-Mother filed notice of

 appeal to this Court.

 II. Jurisdiction

¶6 Prior to the entry of a final order, a parent may appeal from a permanency

 planning order that eliminates reunification as a primary plan only under certain

 prescribed circumstances:

 1. [The parent h]as preserved the right to appeal the order
 in writing within 30 days after entry and service of the
 order[,]

 2. [a] termination of parental rights petition or motion has
 not been filed within 65 days of entry and service of the
 order[, and]

 3. [a] notice of appeal of the order eliminating reunification
 is filed within 30 days after the expiration of the 65 days.
 IN RE: A.L.

 2021-NCCOA-452

 Opinion of the Court

 N.C. Gen. Stat. § 7B-1001(a)(5)(a).

¶7 Here, after the trial court ceased reunification as a primary plan, Respondent-

 Mother filed a written notice preserving her right to appeal the trial court’s order,

 pursuant to N.C. Gen. Stat. § 7B-1001(a)(5)(a)(1). However, when Respondent-

 Mother subsequently filed notice of appeal from the trial court’s 10 December 2020

 review order on 6 January 2021, the 65-day period required by N.C. Gen. Stat. § 7B-

 1001(a)(5)(a)(2) had not yet elapsed. See id. § 7B-1001(a)(5)(a)(2). Moreover, there is

 no indication in the appellate record that a petition to terminate Respondent-

 Mother’s parental rights had been filed. See id. As such, Respondent-Mother’s appeal

 is premature and untimely. See In re A.R. & C.R., 238 N.C. App. 302, 305, 767 S.E.2d

 427, 429 (2014) (interpreting an earlier version of N.C. Gen. Stat. § 7B-1001(a)(5)—

 which provided 180 days, rather than 65, within which to initiate a termination of

 parental rights proceeding—and concluding that the statute “operates . . . to delay

 the date from which notice of appeal may be taken”).

¶8 In addition, Respondent-Mother has not petitioned this Court for a writ of

 certiorari, and the record before us fails to affirmatively establish our jurisdiction to

 consider the merits of Respondent-Mother’s appeal. Accordingly, we must dismiss

 Respondent-Mother’s appeal.

 III. Conclusion

¶9 For the foregoing reasons, we dismiss Respondent-Mother’s appeal without
 IN RE: A.L.

 2021-NCCOA-452

 Opinion of the Court

prejudice to her right to refile her appeal as allowed by N.C. Gen. Stat. § 7B-

1001(a)(5)(a). See In re D.K.H., 184 N.C. App. 289, 291–92, 645 S.E.2d 888, 890 (2007).

 DISMISSED.

 Judges MURPHY and GORE concur.